UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 18-CR-10241 (FDS) |
| | ) | |
| JOSEPH KUKSTIS | ) | |

SUPPLEMENTAL FILING OF THE UNITED STATES CONCERNING RESITUTION

In advance of the restitution hearing scheduled in the above matter for December 17, 2018, the United States respectfully adjusts Jane Doe A's restitution request downward to $17,578.36.

Defendant Joseph Kukstis has correctly identified a miscalculation of Jane Doe A's invoiced legal fees. They were not $19,332.11, as indicated on a Post-It note attached to the invoices, but rather $13,403.36. *See* Docket No. 44 at 2.[1] The United States has confirmed the revised amount with both Jane Doe A and the law firm that represented her.

When this figure is added to Jane Doe A's forensics, cell phone, and parking expenses that the defendant has not challenged, the revised restitution amount is $17,578.36.

The defendant has also challenged the inclusion in the Court's restitution order of any of Jane Doe A's legal fees from on or after December 1, 2018, arguing that fees for after that date are based on communicaitons "primarily between the victim's attorneys and the government (agents or the AUSA prosecuting the case)." (Docket No. 44 at 3). The defendant characterizes these fees as "not necessary to the prosecution of the case," relying on 18 U.S.C. § 3663A(b)(4), a part of the Mandatory Victims Restitution Act ("MVRA") that contemplates reimbursement to

[1] The defendant's calculation of $13,367.36 appears to omit an invoiced $36 expense from the May 2, 2018 invoice. (Docket No. 44-1 at 16).

a victim for "necessary … other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." (Docket No. 44 at 3).

It is 18 U.S.C. § 2264 and not the MVRA, however, that is the source of the Court's authority to award Jane Doe A her attorney's fees. Although the Supreme Court recently excluded from a restitution order under the MVRA the cost to a victim of an internal investigation, *United States v. Lagos*, 138 S. Ct. 1684, 1690 (2018), the Court's opinion recognized that other federal restitution statutes, including 18 U.S.C. § 2264, entitle victims to more kinds of restitution than the limited categories available under the MVRA. *Lagos*, 138 S. Ct. at 1689. "Some of those statutes require restitution for the 'full amount of the victim's losses,' defined to include 'any … losses suffered by the victim as a proximate result of the offense.'" *Id.* (quoting 18 U.S.C. § 2264(b)). Measured against the proper statute and standard, Jane Doe A's attorney's fees, which she incurred as a direct result of the defendant's cyberstalking and harassment campaign, are properly included in a restitution award.

None of this is to say that Jane Doe A's expenses were not necessary and reasonable. Her attorneys charged her less than $14,000 for approximately 30 hours of work over the course of 10 months, as she attempted to identify her attacker on her own, and then turned to the government when she could not. During those hours, counsel assisted Jane Doe A, a victim with no previous experience with the criminal justice system, as she navigated an unfamiliar and emotional process. By limited way of example, counsel accompanied Jane Doe A to first her meeting with representatives of the U.S. Attorney's Office in February 2018, where she heard about her legal rights as a victim and responded to investigators' questions. *Lagos*, if anything, stands for the proposition that a victim's reasonable expenses incurred in cooperating with the

government's investigation are properly part of a restitution award.

For all of these reasons, the United States respectfully requests that the Court award the requested $17,578.36, with no deductions for attorney's fees that Jane Doe A incurred in cooperating with the government's investigation and prosecution of the defendant.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: */s/ Seth B. Kosto*
SETH B. KOSTO
Assistant U.S. Attorney

December 13, 2018

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Seth B. Kosto*
SETH B. KOSTO
Assistant U.S. Attorney

Dated: December 13, 2018