|  |  |
|---|---|
| **UNITED STATES of AMERICA** )<br>)<br>v. )<br>)<br>**JOSEPH T. KUKSTIS,** )<br>)<br>**Defendant.** )<br>) | **Criminal No.**<br>**18-10241-FDS** |

## ORDER ON RESTITUTION

**SAYLOR, J.**

On August 23, 2018, defendant Joseph Kukstis pleaded guilty to three counts of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). On November 20, 2018, the Court entered judgment and sentenced him to prison for a term of 41 months on all counts, to be served concurrently, followed by a term of supervised release for three years with various conditions. A restitution hearing was held on December 17, 2018.

If the crime involves an identifiable victim, an order of restitution is normally mandatory in federal sentencing proceedings. 18 U.S.C. §§ 3663, 3663A. For crimes involving domestic violence and stalking, a separate statute, 18 U.S.C. § 2264, applies. That statute provides, in relevant part:

> **(a) In general.**—Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.

> **(b) Scope and nature of order.**—

> > **(1) Directions.**—The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).

**(2) Enforcement.**—An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.

**(3) Definition.**—For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for—

    ***

    **(E)** attorneys' fees, plus any costs incurred in obtaining a civil protection order; and

    **(F)** any other losses suffered by the victim as a proximate result of the offense.

**(4) Order mandatory.—**

    **(A)** The issuance of a restitution order under this section is mandatory.

    **(B)** A court may not decline to issue an order under this section because of . . . the economic circumstances of the defendant . . . .

18 U.S.C. § 2264.

The government has requested restitution to Jane Doe A in the amount of $17,578.36, for the losses that she suffered as the proximate result of the offense. Defendant has raised three objections to the request, one of which has been resolved by a supplemental filing by the government. The remaining objections concern (1) the cost of purchasing a new cellular telephone and subscribing to cellular service for that phone, and (2) the attorneys' fees she incurred after the government took over the investigation. Defendant further requests that he not be ordered to make any payments until he is released from custody.

For good cause shown, and after a hearing, defendant is ordered to pay restitution to Jane Doe A in the following amounts and subject to the conditions set forth below:

1.     **Forensic Fees, Telephone, Phone Subscription, and Other Expenses**

Defendant shall pay $4,175 in forensic fees, telephone expenses, and other expenses to Jane Doe A.  That amount represents the following expenses:  forensics fees charged by Tech Fusion for her mobile and computer device ($2,850); new telephones ($785); a monthly phone subscription to keep new phones on for forensic review ($480); and parking fees to attend interviews at the United States Attorney's Office ($60).  The Court finds those amounts to be reasonable losses suffered by the victim as a proximate result of the offense.

2.     **Attorneys' Fees**

The government has requested $13,403.36 in attorneys' fees incurred by Jane Doe A. Defendant contends that the fees incurred after the government took over the investigation on December 1, 2017—which primarily consist of communications between Jane Doe A's attorneys and the government—were not "necessary" within the meaning of 18 U.S.C. § 3663A(b)(4). Defendants further contends that the second phrase in the subsection on attorneys' fees— "attorneys' fees, *plus any costs incurred in obtaining a civil protection order*"—should be read to limit recoverable attorneys' fees to only those incurred to obtain a civil protection order, and that therefore any other fees are not recoverable.  *See* 18 U.S.C. § 2264(b)(3)(E) (emphasis added).

The Court finds that some award of attorneys' fees is appropriate in this case.  It is true that the language of § (b)(3)(E) is arguably ambiguous, and could be read to limit attorneys' fees to those incurred to obtain a civil protection order.  But if that were the intent, a second comma would be placed between the words "costs" and "incurred."  Moreover, the language of 18 U.S.C. § 2264 is quite broad, and requires courts to order restitution in "the full amount of the victim's losses," including any "losses suffered by the victim as a proximate result of the

offense." It would be anomalous, to say the least, if Congress intended to preclude one category of losses, without saying so directly. *See Lagos v. United States,* 138 S. Ct. 1684, 1689-90 (2018); *United States v. Hayes*, 135 F.3d 133, 137-38 (2d Cir. 1998).

In any event, it is reasonable that a cyberstalking victim would seek the assistance of counsel, and that part of counsel's role would be to assist and advise the victim in connection with any law enforcement investigation and subsequent prosecution. Those fees, of course, must be reasonable under the circumstances. While certainly an award of attorneys' fees is appropriate, the Court finds that the total amount requested is at least slightly excessive. The Court will reduce the attorneys' fees by $375, representing one hour total of attorney time. It will thus order defendant to pay $13,028.36 in attorneys' fees, having found that amount to be reasonable under the circumstances.

Accordingly, the Court hereby orders defendant to pay restitution to Jane Doe A for attorneys' fees in the amount of $13,028.36, and expenses in the amount of $4,175, for a total of $17,203.36.

**3.      Timing of Payments**

Defendant shall make nominal periodic payments during his period of incarceration. Upon release from custody, the probation department, in consultation with the defendant, shall set a reasonable schedule of payments for the remaining amount due.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: December 19, 2018                                    United States District Judge